**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 30, 2012

Lyle W. Cayce
Clerk

No. 11-50572
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NATHAN ARZOLA-ESPINOZA, also known as Nathan Espinoza Arzola,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-817-1

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

After Defendant-Appellant Nathan Arzola-Espinoza pleaded guilty to importing more than 50 kilograms of marijuana into this country from Mexico, the district court sentenced him above the guidelines range of imprisonment to 52 months of imprisonment and three years of supervised release. Arzola-Espinoza contends that the district court erred in calculating his guidelines range of imprisonment when it applied a two-level enhancement pursuant to U.S.S.G. § 3B1.4 based on its finding that he used minors during the commission

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his offense.  He claims that his children were merely present and that alone their presence was insufficient to support the enhancement.  The government counters that any error was harmless.

We have held that a guidelines calculation error may be harmless even when the district court has not considered the correct guidelines range.  *See United States v. Ibarra-Luna*, 628 F.3d 712, 716-18 (5th Cir. 2010).  First, "the [g]overnment must convincingly demonstrate that the district court would have imposed a sentence outside the correct Guidelines range for the same reasons it gave for imposing a sentence outside the miscalculated Guidelines range." *Id.* at 718-19.  Second, the government "must show that the . . . sentence the district court imposed was not influenced in any way by the erroneous Guidelines calculation." *Id.* at 719.

The government has met this burden in the instant case.  The district court would have found that without the enhancement the guidelines range was inadequate for the same reasons that it found that with the enhancement the higher guidelines range was inadequate.  Further, it is apparent from the record that any erroneous guidelines computation did not influence the sentence.  Immediately after overruling Arzola-Espinoza's objection to the enhancement during the sentencing hearing, the district court explained to counsel that the sentence "will be the sentence with or without the guideline whichever I fashion in this case."  The district court explained that (1) it was imposing the non-guideline sentence because the guidelines calculations accounted for only one of Arzola-Espinoza's imported loads, and (2) statements given by Arzola-Espinoza and his wife corroborated that the instant offense involved his tenth load.  As there is evidence in the record that the district court would have imposed "the very same sentence" regardless whether the two-level enhancement was applied in error, any error was harmless.  *Ibarra-Luna*, 628 F.3d at 719.

AFFIRMED.